**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No: 1:19-cr-00057-LO |
| v. ) | |
| ) | |
| **PETER LE, et al.** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SPENCER PAK'S MOTION TO DISMISS, TO DISQUALIFY JUDGE LIAM O'GRADY, TO CHANGE VENUE, OR TO MOVE THIS MATTER TO ANOTHER DIVISION**

COMES NOW defendant Spencer Pak, by counsel, Alan J, Cilman, and hereby moves this Court to dismiss this case, to disqualify Judge Liam O'Grady, to change venue or to move this matter to another division. As grounds for this motion, defendant states:

1. This motion was originally made in *United States v. Spencer Pak*, case no. 1:19-cr-00112;

2. Prior to the filing of that motion, almost the entirety of that case had been conducted *ex parte* or under seal, without the defendant's participation and often without the defendant's knowledge;

3. This conduct has been and continues to be present in this case as numerous motions have been filed under seal and numerous orders have been filed under seal, including this week;

4. Defendant has complained about said conduct both in pleadings and in argument in the previous case and those complaints are incorporated herein *in haec verba*;

5. One of the things about which Defendant complained was that the original indictment was under seal;

6. On April 19, 2019, undersigned counsel appeared before the Honorable Judge O'Grady on motions that had been filed by both the prosecution and the defense;

7. One of the motions concerned whether undersigned counsel could represent both Spencer Pak and Zu Chang;

8. During the motion, this Court, O'Grady J. emphasized that it believed that *ex parte* communications between the government and the Court were proper;

9. The transcript (page 16) quotes the Court as follows:

    > And let me make you even happier today about the fact that you don't exactly know what's going on in the case because too much is sealed right now.
    >
    > I got a submission last -- this morning from the Government, a supplement to the motion to resolve the attorney conflict, which is filed ex parte under seal. Without going into specifics, it reflects without question that Mr. Pak and Mr. Chang are involved in the same drug conspiracy, which also involves other violence attendant to the distribution of marijuana and cocaine, puts them very close together.
    >
    > And without question, based on the submission, in the same conspiracy, involved in perhaps a little -- one may be in a different position in the conspiracy to the other, but without question they are both in the same conspiracy.

10. While the idea of a sealed, undisclosed indictment being used to advance the prosecution's cause on a motion is abhorrent, eventually, the indictment

would be unsealed and the defendant would have an opportunity to confront and to challenge the allegations;

11. In contrast, the *ex parte* filing described by Judge O'Grady in this case, had the clear purpose of prejudicing the Court against Spencer Pak without providing an opportunity to confront and to challenge the allegations, not at the hearing on the motion, and not ever;

12. The attempt to prejudice the Court worked; Judge O'Grady stated twice that there is no question that Spencer Pak and Zu Chang are involved in the same drug conspiracy and that that drug conspiracy involves violence;

13. In this case, Spencer Pak is charged with conspiracy to distribute cocaine and conspiracy to distribute marijuana;

14. If the criminal complaint and the preliminary hearing provide any guidance, a few sales are described, but there is no description of Spencer Pak personally engaging in violence during any of the described sales or at any other time;

15. The purpose of the *ex parte* submission was to libel Spencer Pak and to ensure that the trial judge considered violence at all stages of the proceedings;

16. Based on the Court's expression of its opinion, regarding Spencer Pak, it appears that the prosecution's effort to prejudice the trial judge against the defendant with unknown and unchallengeable allegations has borne fruit;

17. As a result of the prosecution's misconduct, further proceedings before Judge O'Grady will appear to have been tainted;

18. This pattern of improper and illegal *ex parte* communications is not unique to Judge O'Grady;

19. On March 6, 2019, a hearing was held before United States Magistrate Judge Michael S. Nachmanoff on Defendant Spencer Pak's "*Motion to Reconsider Bond*".

20. During the course of that hearing the government asked the Court to present evidence pertinent to the motion *ex parte*:

    MR. TRUMP: I guess that depends. We have additional evidence. There is one matter that we would like to take up with the Court ex parte concerning an issue having to do with the recommendation by Pretrial Services. But we do have some additional evidence. I can proceed either by proffer, or have Agent Hoang testify, or both.

    THE COURT: Well, if there is information you need to provide on an ex parte basis, let's address that issue first.

    MR. TRUMP: Okay.

    THE COURT: You may approach the bench.

    MR. CILMAN: Your Honor, am I allowed to be there? Am I allowed to be there?

    NOTE: The off-the-record sidebar conference between the Court and Government begins that this point; whereupon the hearing resumes as follows:

    THE COURT: Mr. Cilman, the Government has sought to approach ex parte, meaning without participation of defense counsel. Do you wish to be heard before that occurs?

    MR. CILMAN: I'm a little confused, Your Honor. Do I wish to be heard about them approaching you ex parte?

    THE COURT: Yes. You were standing, looking as if you wanted to join us.

    MR. CILMAN: I was asking whether I should.

    THE COURT: And I clarified with the Government that their intention was to provide information on an ex parte basis, not on an under seal basis in which it would be permissible for defense counsel to get the information. So, this is a request for ex parte communication. So, if you have an objection, now would be the time to lodge it. Otherwise, I will hear what they have to say and then address it as appropriate.

>MR. CILMAN: Yeah. I'm -- I generally object to ex parte communications because in an adversary proceeding it just seems wrong.
>
>THE COURT: I understand your concern. Your objection will be overruled.

*United States v. Spencer Pak*, case no. 1:19-mj-90, Transcript, March 6, 2019, pages 4-6.

21. The Sixth Amendment to the Constitution of the United States of America provides that a Defendant in a criminal case has the absolute right "to be confronted with witnesses against him; … and to have the assistance of counsel for his defence."

22. In this Court, it appears that these constitutional requirements constrain neither the attorneys for the government nor the judges of this Court;

23. In light of the conduct of the prosecution and the judges regarding the charges against him to date, Defendant has no reasonable expectation of a fair trial or a fair hearing on any matter presented on his behalf;

24. It is axiomatic that the appearance of justice is as important as justice itself;

25. Such other and further grounds as may become apparent at the hearing on this motion.

    Respectfully Submitted

    Spencer Pak
    By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

                                                                   _____/s/_____
                                                                    Alan J. Cilman
                                                                    Virginia State Bar #13066
                                                                  Counsel for Defendant
                                                                  10474 Armstrong Street
                                                                  Fairfax, VA 22030
                                                                  Telephone: (703) 261-6226
                                                                  Facsimile:  (703) 268-5182
                                                                  acilman@aol.com