## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | **Case No: 1:19-cr-00057-LO** |
| **v.** | ) | |
| | ) | |
| **PETER LE, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPENCER PAK'S MOTION TO DISMISS THIS CASE, TO DISQUALIFY JUDGE LIAM O'GRADY, TO CHANGE VENUE, OR TO MOVE THIS MATTER TO ANOTHER DIVISION

Defendant Spencer Pak, by counsel, Alan J, Cilman, hereby submits the following memorandum of points and authorities in support of his "*Motion to Dismiss This Case, To Disqualify Judge Liam O'Grady, To Change Venue or To Move This Matter to Another Division*".  As grounds for this motion, defendant states:

**FACTS**

This motion was originally made in *United States v. Spencer Pak*, case no. 1:19-cr-00112.  Prior to the filing of that motion, almost the entirety of that case had been conducted *ex parte* or under seal, without the defendant's participation and often without the defendant's knowledge.  This conduct has been and continues to be present in this case as numerous motions have been filed under seal and numerous orders have been filed under seal; some as late as this week.

Defendant has complained about said conduct both in pleadings and in argument in the previous case and those complaints are incorporated herein *in haec verba*.  One of

the things about which Defendant complained was that the original indictment was under

seal.

On April 19, 2019, undersigned counsel appeared before the Honorable Judge

O'Grady on motions that had been filed by both the prosecution and the defense.  One of

the motions concerned whether undersigned counsel could represent both Spencer Pak

and Zu Chang.  During the motion, this Court, O'Grady J. emphasized that it believed

that *ex parte* communications between the government and the Court were proper.

The transcript (page 16) quotes the Court as follows:

And let me make you even happier today about the fact that you don't
exactly know what's going on in the case because too much is sealed right
now.

I got a submission last -- this morning from the Government, a supplement
to the motion to resolve the attorney conflict, which is filed ex parte under
seal. Without going into specifics, it reflects without question that Mr. Pak
and Mr. Chang are involved in the same drug conspiracy, which also
involves other violence attendant to the distribution of marijuana and
cocaine, puts them very close together.

And without question, based on the submission, in the same conspiracy,
involved in perhaps a little -- one may be in a different position in the
conspiracy to the other, but without question they are both in the same
conspiracy.

While the idea of a sealed, undisclosed indictment being used to advance the

prosecution's cause on a motion is abhorrent, eventually, the indictment would be

unsealed and the defendant would have an opportunity to confront and to challenge the

allegations.  In contrast, the *ex parte* filing described by Judge O'Grady in this case, had

the clear purpose of prejudicing the Court against Spencer Pak without providing an

opportunity to confront and to challenge the allegations; not at the hearing on the motion,

and not ever.  The attempt to prejudice the Court worked; Judge O'Grady stated twice

that there is no question that Spencer Pak and Zu Chang are involved in the same drug conspiracy and that that drug conspiracy involves violence.  In that case, Spencer Pak was charged with conspiracy to distribute cocaine and conspiracy to distribute marijuana. If the criminal complaint and the preliminary hearing provide any guidance, a few sales are described, but there was no description of Spencer Pak personally engaging in violence during any of the described sales or at any other time.

The purpose of the *ex parte* submission was to libel Spencer Pak and to ensure that the trial judge considered violence at all stages of the proceedings.  Based on the Court's expression of its opinion, regarding Spencer Pak, it appears that the prosecution's effort to prejudice the trial judge against the defendant with unknown and unchallengeable allegations has borne fruit.

As a result of the prosecution's misconduct, further proceedings before Judge O'Grady will appear to have been tainted.  This pattern of improper and illegal *ex parte* communications is not unique to Judge O'Grady.  On March 6, 2019, a hearing was held before United States Magistrate Judge Michael S. Nachmanoff on Defendant Spencer Pak's "*Motion to Reconsider Bond*".  During the course of that hearing the government asked the Court to present evidence pertinent to the motion *ex parte* and the Court agreed to the *ex parte* communication.

> MR. TRUMP: I guess that depends. We have additional evidence. There is one matter that we would like to take up with the Court ex parte concerning an issue having to do with the recommendation by Pretrial Services. But we do have some additional evidence. I can proceed either by proffer, or have Agent Hoang testify, or both.

> THE COURT: Well, if there is information you need to provide on an ex parte basis, let's address that issue first.

> MR. TRUMP: Okay.

THE COURT: You may approach the bench.

MR. CILMAN: Your Honor, am I allowed to be there? Am I allowed to be there?

NOTE: The off-the-record sidebar conference between the Court and Government begins that this point; whereupon the hearing resumes as follows:

THE COURT: Mr. Cilman, the Government has sought to approach ex parte, meaning without participation of defense counsel. Do you wish to be heard before that occurs?

MR. CILMAN: I'm a little confused, Your Honor. Do I wish to be heard about them approaching you ex parte?

THE COURT: Yes. You were standing, looking as if you wanted to join us.

MR. CILMAN: I was asking whether I should.

THE COURT: And I clarified with the Government that their intention was to provide information on an ex parte basis, not on an under seal basis in which it would be permissible for defense counsel to get the information. So, this is a request for ex parte communication. So, if you have an objection, now would be the time to lodge it. Otherwise, I will hear what they have to say and then address it as appropriate.

MR. CILMAN: Yeah. I'm -- I generally object to ex parte communications because in an adversary proceeding it just seems wrong.

THE COURT: I understand your concern. Your objection will be overruled.

*United States v. Spencer Pak*, case no. 1:19-mj-90, Transcript, March 6, 2019, pages 4-6.

**ARGUMENT**

1. **The Conduct of the Government and the Court in this Case Violates the Letter and the Spirit of Confrontation Clause and the Assistance of Counsel Clause of The Sixth Amendment to the Constitution of the United States of America.**

The Sixth Amendment to the Constitution of the United States of America

provides in pertinent part that a Defendant in a criminal case has the absolute right "to be

4

confronted with witnesses against him; … and to have the assistance of counsel for his defence."

The importance of the right of confrontation was explained by the United States Supreme Court in the landmark case of *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), wherein the Court ruled that procedures could not legislated or adopted, which violate the confrontation rights guaranteed an accused under the Sixth Amendment. As the Court noted:

> The Sixth Amendment guarantees a defendant the right "to be confronted with the witnesses *against him*." (Emphasis added.) To the extent the analysts were witnesses (a question resolved above), they certainly provided testimony *against* petitioner, proving one fact necessary for his conviction—that the substance he possessed was cocaine. The contrast between the text of the Confrontation Clause and the text of the adjacent Compulsory Process Clause confirms this analysis. While the Confrontation Clause guarantees a defendant the right to be confronted with the witnesses "against him," the Compulsory Process Clause guarantees a defendant the right to call witnesses "in his favor." U.S. Const., Amdt. 6. The text of the Amendment contemplates two classes of witnesses—those against the defendant and those in his favor. The prosecution *must* produce the former; the defendant *may* call the latter. Contrary to respondent's assertion, there is not a third category of witnesses, helpful to the prosecution, but somehow immune from confrontation.

> 557 U.S. at 314

In *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Court explained the Sixth Amendment Right to Counsel:

> The right to counsel plays a crucial role in the adversarial system embodied in the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the "ample opportunity to meet the case of the prosecution" to which they are entitled.

> Quoting: *Adams v. United States ex rel. McCann.*

The Court emphasized that the Right to Counsel is not perfunctory and that actual representation is required:

> That a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.

It is beyond dispute that *ex parte* communications, *ex parte* motions, *ex parte* responses to motions, *ex parte* conferences effectively leave the defendant without representation and without an attorney "who plays the role necessary to ensure that the trial is fair."

In *Geders v. United States*, 425 U.S. 80, 88-89, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), the Court held that by its rulings, a trial court can deprive a defendant of his 6th Amendment right to counsel:

> Our cases recognize that the role of counsel is important precisely because ordinarily a defendant is ill-equipped to understand and deal the trial process without a lawyer's guidance.
>
> "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. . . . [A defendant] requires the guiding hand of counsel at every step in the proceedings against him."
>
> Quoting: *Powell v. Alabama*, 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158, 170 (1932).
>
> See also: *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Brooks v. Tennessee*, 406 U.S. 605, 612-613, 92 S.Ct. 1891, 1895, 32 L.Ed.2d 358 (1972); *Ferguson v. Georgia*, 365 U.S. 570, 593-596, 81 S.Ct. 756, 768-770, 5 L.Ed.2d 783 (1961).

Clearly, by excluding defendant and his counsel from significant portions of the proceedings against him, this Court has violated Defendant's Sixth Amendment and Due Process Rights in ways that far exceed the violations condemned in the cited cases.

Additionally, in *Strickland v. Washington*, 466 U.S. at 686 the Court expressly stated: "Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." The conduct of the government in this case surpasses what the Court denounced in *Strickland v. Washington*.

In this Court, it appears that these constitutional requirements constrain neither the attorneys for the government nor the judges of this Court. In light of the conduct of the prosecution and the judges regarding the charges against him to date, Defendant has no reasonable expectation of a fair trial or a fair hearing on any matter presented on his behalf.

### 2. *Ex Parte* Communications Violate Judicial Standards.

In Anglo-American jurisprudence, the classic example of the system being out of control, unfair, and just plain wrong is the Court of Star Chambers. While that Court lacked numerous protections, which are now embodied in the Constitution and in the law, it is most often condemned for its secrecy. The prohibitions against *ex parte* communications between an attorney for a party and a judge are so well established as to be considered fundamental. Canon 3(A)(4) of Code of Conduct for United States Judges prohibits the very conduct that occurred in this case.

> A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to

law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.

Also in the first paragraph of section (A)(4) is the procedures required by the Court, if it receives an *ex parte* communication:

> If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.

See also, ABA Model Code of Judicial Conduct, Canon 2, Rule 2.9.

The problem created by the *ex parte* communications is that the Court now has secret information that appears to have affected and appears will affect decisions to be made by the Court.  Even if the secret information does not affect the Courts decision making, there is no way that the defendant will believe that, and under our adversary system, there is no reason he should.  This conduct is inconsistent with the purpose of the Code of Conduct for United States Judges as embodied in Canon 1:

**Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary**

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

The conduct of the government and the Court with regard to Defendant Spencer Pak is inconsistent with the Code of Conduct for United States Judges.

It is difficult to see how the *ex parte* communications in this case are consistent with those goals.  *Ex parte* communications being the basis of defendant's incarceration is a direct violation of these goals.

**Remedies**

In the famous case of *United States v. Anthony Russo and Daniel Ellsberg*, Crim.No. 9373 (C.D.Cal.1973), Judge Matthew Bryant dismissed the case because of government misconduct demonstrated that defendants could not receive a fair trial.  The basis for such a remedy was enunciated by the United States Supreme Court in *Communist Party of the United States v. Subversive Activities Control Board*, 351 U.S. 115, 124, 76 S.Ct. 663, 668, 100 L.Ed. 1003, (1955):

> The untainted administration of justice is certainly one of the most cherished aspects of our institutions. Its observance is one of our proudest boasts. This Court is charged with supervisory functions in relation to proceedings in the federal courts. (citation omitted) Therefore, fastidious regard for the honor of the administration of justice requires the Court to make certain that the doing of justice be made so manifest that only irrational or perverse claims of its disregard can be asserted.

> See also:  *United States v. Banks*, 383 F.Supp. 389 (D. S.D., 1974); *Olmstead v. United States*, 277 U.S. 438, 470, 48 S.Ct. 564, 575, 72 L.Ed. 944 (1928) (Holmes, J., dissenting), 277 US at 484--485, 48 S.Ct. at 574 (Brandeis, J., dissenting).

In this case, Defendant believes that dismissal is the appropriate remedy.  Because of the facility with which the judges of this Court have engaged in *ex parte* communication with the government it is difficult to see how the Defendant can have a fair trial in this jurisdiction.  Because the United States has demonstrated an unrelenting use of *ex parte* communications, Defendant cannot receive a fair trial.  Nonetheless, if the Court denies the motion to dismiss over objection, other remedies are suggested.

**CONCLUSION**

WHEREFORE, Defendant prays this Court order the relief sought herein and/or such other and further relief as it may deem just and proper.

Respectfully Submitted

Spencer Pak
By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

_____/s/_____
Alan J. Cilman
Virginia State Bar #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile:  (703) 268-5182
acilman@aol.com