**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No: 1:19-cr-00057-LO |
| v. ) | |
| ) | |
| **PETER LE, et al.** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SPENCER PAK'S MOTION TO DISMISS FOR DENIAL OF SPEEDY TRIAL AND/OR WANT OF PROSECUTION**

COMES NOW defendant Spencer Pak, by counsel, Alan J, Cilman, and hereby moves this Court to dismiss this case for denial of speedy trial and/or want of prosecution. As grounds for this motion, defendant states that:

1. On or about February 16, 2019, Defendant Spencer Pak was arrested on a criminal complaint based on the present charges;

2. Defendant has remained in custody since that time;

3. On April 4, 2019, an indictment was obtained in the case of *United States v. Spencer Pak, et al.*, case no. 1:19-cr-00112-LO;

4. On or about April 8, 2019, the undersigned counsel received four (4) documents, two motions filed under seal and two orders signed by Magistrate Judge Buchanan, all of which have been placed under seal;

5. Counsel could not view the motions made and the orders entered, even though said motions and orders involve the defendant because said motions and orders were placed under seal;

6. On the same date the undersigned counsel called this Court's Clerk's Office to request the search warrants pertaining to the aforementioned case;

7. Counsel was advised that the warrants are under seal;

8. At the preliminary hearing/bond hearing held on or about February 22, 2019, information believed to have been obtained as a result of said search warrant(s) was used against defendant Spencer Pak;

9. Similarly, at the motion to reconsider bond, more information believed to have been obtained as a result of said search warrant(s) was used against the defendant;

10. Obviously, without the search warrant and supporting and related documents defendant could not challenge the use of said information;

11. At the same preliminary hearing, the prosecutor asked to speak to the presiding judge *ex parte*;

12. Over objection, said request was granted by Magistrate Judge Nachmanoff;

13. After Magistrate Judge Nachmanoff denied bond, defendant appealed that denial to this Court;

14. This Court denied that motion without hearing in an order stating *inter alia*: "There are times when ex parte communications between judges and counsel are necessary to protect sensitive information that cannot be shared."

15. This Court implied that it did not know what the communication was;

16. This Court did not explain how the middle of an adversary hearing could be one of those "times"

17. This Court failed to cite an authority, which supports its contention;

18. Additionally, this Court stated in its opinion, "the affidavit in support of the criminal complaint details a number of sales of marijuana…";

19. The affidavit in support of the criminal complaint provided to the undersigned counsel has no mention of a single marijuana sale;

20. The only mention of marijuana is a claim that the "CI" was arrested for "misdemeanor possession of marijuana";

21. Clearly, if the Court had this information at that time, it was provided *ex parte*.

22. Obviously, Defendant does not know if other information has been provided to the Court;

23. On April 8, 2019, defendant moved this Court to unseal the foregoing documents;

24. The response from the government came quickly; on April 10, 2019, the government filed another motion under seal and Magistrate Judge Anderson entered an order apparently related to the motion, also under seal;

25. Defendant believes that the facility with which this Court and the government exchange secret information pertaining to the Defendant demonstrate that the Defendant is not being provided and will not be provided a fair trial in this case;

26. On April 16, 2019, Defendant moved to dismiss the aforementioned case because the United States did not obtain the indictment in a timely fashion;

27. In response to said motion and to other motions filed by Defendant Spencer Pak, the next day, April 17, 2019, the United States moved to disqualify

counsel for Defendant Spencer Pak in both the aforementioned case and from representing a defendant in another case;

28. The United States set that motion to be heard on April 19, 2019;

29. On April 18, 2019, Defendant Spencer Pak filed an opposition to the motion to disqualify counsel;

30. On April 19, 2019 this Court stated the following:

> And let me make you even happier today about the fact that you don't exactly know what's going on in the case because too much is sealed right now.
>
> I got a submission last -- this morning from the Government, a supplement to the motion to resolve the attorney conflict, which is filed ex parte under seal. Without going into specifics, it reflects without question that Mr. Pak and Mr. Chang are involved in the same drug conspiracy, which also involves other violence attendant to the distribution of marijuana and cocaine, puts them very close together.
>
> And without question, based on the submission, in the same conspiracy, involved in perhaps a little -- one may be in a different position in the conspiracy to the other, but without question they are both in the same conspiracy.
>
> (Transcript April 19, 2019 hearing, page 16)

31. Based on the *ex parte* submission, the Court told counsel for Defendant Spencer Pak that counsel had to decide whether to represent Defendant Spencer Pak or the defendant in the other case, but not both;

32. The Court also set the matter for trial on May 28, 2019 at 10:00 a. m. and a motions date for May 10, 2019;

33. On May 6, 2019, Defendant Spencer Pak filed two different motions to dismiss count 2, a motion for discovery, a motion for bill of particulars, and a motion to suppress searches (even though the search warrants and supporting

4

documents remained under seal, over Defendant's objections and motion to unseal);

34. The next day, May 7, 2019, a sealed document was entered and the day after that, May 8, 2019, the United States obtained and filed a superseding indictment, which of course, was placed under seal with the approval of the Court;

35. On May 9, 2019, the United States moved to continue the motions;

36. On the same day, without a hearing, the Court denied Defendant's motions for discovery, for bill of particulars, to suppress and for bond;

37. In the same order, the Court granted the motion of the United States to continue the motions and removed the May 10, 2019 motions hearing from the calendar;

38. The Court also unsealed the superseding indictment;

39. On May 16, 2019, the United States moved to continue the trial date in the foregoing case;

40. This motion was granted the same day;

41. Also, on May 16, 2019, Defendant filed an amended motion for Bill of Particulars, which was denied without hearing the next day;

42. Arraignment on the superseding indictment was held before the Court on May 24, 2019;

43. Defendant Spencer Pak objected and refused to waive speedy trial, but trial was set for July 23, 2019 at 10:00 a. m. and motions were set for July 12, 2019 at 9:00 a. m.;

44. On June 27, 2019, the United States filed a second superseding indictment in the foregoing case;

45. On July 3, 2019, counsel for Defendant Spencer Pak moved to continue the motions hearing because counsel coached his grandson's Little League team, which had qualified for the state tournament and because the United States had sent an email to counsel stating that it had additional discovery that had not been provided;

46. In response, this Court set arraignment on the second superseding indictment for July 10, 2019 at 9:00 a. m.;

47. On July 10, 2019, Defendant Spencer Pak again refused to waive speedy trial and motions were set for August 9, 2019 and trial was set with a jury for September 10, 2019;

48. On July 23, 2019, Defendant Spencer Pak filed two motions to dismiss, two motions to suppress searches, and a motion to suppress statements;

49. On August 2, 2019, an ex parte motion under seal and an ex parte order under seal were filed and not shown to defendant or his counsel;

50. On August 6, 2019, the United States emailed counsel for Defendant Spencer Pak stating: "The next round of discovery has been loaded and is available for pick up or mailing.  Please let me know which method you prefer."

51. Because counsel was in trial mail was selected and because the discovery had not been provided, on August 8, 2019, the motions hearing was reset to September 6, 2019;

52. However, on August 29, 2019, the United States filed the third superseding indictment in the captioned case and included Defendant Spencer Pak in that indictment;

53. On September 3, 2019, the United States moved the Court to dismiss the aforementioned second superseding indictment;

54. On September 11, 2019, this Court held a telephone status conference wherein the Court, because of the now numerous defendants set the trial with a jury for three weeks beginning February 10, 2020;

55. During said telephone status conference the Court stated that it would not entertain any objections, at that time, because no defendant participated in the status conference;

56. On behalf of Spencer Pak, those objections are being made herein and in the other motions being filed;

57. Such other grounds as may become apparent upon hearing of this motion.

          Respectfully Submitted

          Spencer Pak
          By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA and the other attorneys of record on behalf of the United States
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

and, each of the attorneys of record for the co-defendants.

                                                _____/s/_____
                                                Alan J. Cilman
                                                Virginia State Bar #13066
                                                Counsel for Defendant
                                                10474 Armstrong Street
                                                Fairfax, VA 22030
                                                Telephone: (703) 261-6226
                                                Facsimile:  (703) 268-5182
                                                acilman@aol.com