**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Case No: 1:19-cr-00057-LO |
| v. | ) |
| | ) |
| **PETER LE, et al.** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SPENCER PAK'S MOTION TO DISMISS FOR DENIAL OF SPEEDY TRIAL AND/OR WANT OF PROSECUTION**

Defendant Spencer Pak, by counsel, Alan J, Cilman, and hereby files the following memorandum of points and authorities in support of "*Defendant Spencer Pak's Motion To Dismiss For Denial Of Speedy Trial and/or Want Of Prosecution*":

**FACTS**

On or about February 16, 2019, Defendant Spencer Pak was arrested on a criminal complaint based on the present charges. Defendant has remained in custody since that time. On April 4, 2019, an indictment was obtained in the case of *United States v. Spencer Pak, et al.*, case no. 1:19-cr-00112-LO.

On or about April 8, 2019, the undersigned counsel received four (4) documents, two motions filed under seal and two orders signed by Magistrate Judge Buchanan, all of which have been placed under seal. Counsel could not view the motions made and the orders entered, even though said motions and orders involve the defendant because said motions and orders were placed under seal. On the same date the undersigned counsel

called this Court's Clerk's Office to request the search warrants pertaining to the aforementioned case. Counsel was advised that the warrants are under seal.

At the preliminary hearing/bond hearing held on or about February 22, 2019, information believed to have been obtained as a result of said search warrant(s) was used against defendant Spencer Pak. Similarly, at the motion to reconsider bond, more information believed to have been obtained as a result of said search warrant(s) was used against the defendant. Obviously, without the search warrant and supporting and related documents defendant could not challenge the use of said information.

At the same preliminary hearing, the prosecutor asked to speak to the presiding judge *ex parte*. Over objection, said request was granted by Magistrate Judge Nachmanoff. After Magistrate Judge Nachmanoff denied bond, defendant appealed that denial to this Court. This Court denied that motion without hearing in an order stating *inter alia*: "There are times when ex parte communications between judges and counsel are necessary to protect sensitive information that cannot be shared." This Court implied that it did not know what the communication was. This Court did not explain how the middle of an adversary hearing could be one of those "times". This Court failed to cite an authority, which supports its contention. Additionally, this Court stated in its opinion, "the affidavit in support of the criminal complaint details a number of sales of marijuana…". The affidavit in support of the criminal complaint provided to the undersigned counsel has no mention of a single marijuana sale. The only mention of marijuana in the criminal complaint is a claim that the "CI" was arrested for "misdemeanor possession of marijuana". Clearly, if the Court had this information at

2

that time, it was provided *ex parte*. Obviously, Defendant does not know if other information has been provided to the Court.

On April 8, 2019, defendant moved this Court to unseal the foregoing documents. The response from the government came quickly; on April 10, 2019, the government filed another motion under seal and Magistrate Judge Anderson entered an order apparently related to the motion, also under seal. Defendant believes that the facility with which this Court and the government exchange secret information pertaining to the Defendant demonstrate that the Defendant is not being provided and will not be provided a fair trial in this case.

On April 16, 2019, Defendant moved to dismiss the aforementioned case because the United States did not obtain the indictment in a timely fashion. In response to said motion and to other motions filed by Defendant Spencer Pak, the next day, April 17, 2019, the United States moved to disqualify counsel for Defendant Spencer Pak in both the aforementioned case and from representing a defendant in another case. The United States set that motion to be heard on April 19, 2019. On April 18, 2019, Defendant Spencer Pak filed an opposition to the motion to disqualify counsel. On April 19, 2019 this Court stated the following:

> And let me make you even happier today about the fact that you don't exactly know what's going on in the case because too much is sealed right now.
>
> I got a submission last -- this morning from the Government, a supplement to the motion to resolve the attorney conflict, which is filed ex parte under seal. Without going into specifics, it reflects without question that Mr. Pak and Mr. Chang are involved in the same drug conspiracy, which also involves other violence attendant to the distribution of marijuana and cocaine, puts them very close together.

3

> And without question, based on the submission, in the same conspiracy, involved in perhaps a little -- one may be in a different position in the conspiracy to the other, but without question they are both in the same conspiracy.
>
> (Transcript April 19, 2019 hearing, page 16)

Based on the *ex parte* submission, the Court told counsel for Defendant Spencer Pak that counsel had to decide whether to represent Defendant Spencer Pak or the defendant in the other case, but not both.

The Court also set the matter for trial on May 28, 2019 at 10:00 a. m. and a motions date for May 10, 2019.

On May 6, 2019, Defendant Spencer Pak filed two different motions to dismiss count 2, a motion for discovery, a motion for bill of particulars, and a motion to suppress searches (even though the search warrants and supporting documents remained under seal, over Defendant's objections and motion to unseal). The next day, May 7, 2019, a sealed document was entered and the day after that, May 8, 2019 the United States obtained and filed a superseding indictment, which of course, was placed under seal with the approval of the Court.

On May 9, 2019, the United States moved to continue the motions. On the same day, without a hearing, the Court denied Defendant's motions for discovery, for bill of particulars, to suppress and for bond. In the same order, the Court granted the motion of the United States to continue the motions and removed the May 10, 2019 motions hearing from the calendar.

The Court also unsealed the superseding indictment;

On May 16, 2019, the United States moved to continue the trial date in the foregoing case. This motion was granted the same day.

Also, on May 16, 2019, Defendant filed an amended motion for Bill of Particulars, which was denied without hearing the next day. Arraignment on the superseding indictment was held before the Court on May 24, 2019. Defendant Spencer Pak objected and, as the record reflects, refused to waive speedy trial. However, trial was set for July 23, 2019 at 10:00 a. m. and motions were set for July 12, 2019 at 9:00 a. m.;

On June 27, 2019, the United States filed a second superseding indictment in the foregoing case.

On July 3, 2019, counsel for Defendant Spencer Pak moved to continue the motions hearing because counsel coached his grandson's Little League team, which had qualified for the state tournament and because the United States had sent an email to counsel stating that the United States had additional discovery that had not been provided to Defendant. In response, this Court set arraignment on the second superseding indictment for July 10, 2019 at 9:00 a. m.

On July 10, 2019, Defendant Spencer Pak, as the record reflects, again refused to waive speedy trial. Motions were set for August 9, 2019 and trial was set with a jury for September 10, 2019.

On July 23, 2019, Defendant Spencer Pak filed two motions to dismiss, two motions to suppress searches, and a motion to suppress statements.

On August 2, 2019, an *ex parte* motion under seal and an *ex parte* order under seal were filed and not shown to defendant or his counsel;

On August 6, 2019, the United States emailed counsel for Defendant Spencer Pak stating: "The next round of discovery has been loaded and is available for pick up or mailing. Please let me know which method you prefer." Because counsel was in trial

mail was selected and because the discovery had not been provided, on August 8, 2019, the motions hearing was reset to September 6, 2019.

However, on August 29, 2019, the United States filed the third superseding indictment in the captioned case and included Defendant Spencer Pak in that indictment. On September 3, 2019, the United States moved the Court to dismiss the aforementioned second superseding indictment.

On September 11, 2019, this Court held a telephone status conference wherein the Court, because of the now numerous defendants set the trial with a jury for three weeks beginning February 10, 2020. During said telephone status conference the Court stated that it would not entertain any objections, at that time, because no defendant participated in the status conference. On behalf of Spencer Pak, those objections are being made herein and in the other motions being filed.

**ARGUMENT**

    **A. The Use of Superseding Indictments and the Failure to Provide Discovery to Circumvent a Defendant's Speedy Trial Rights is Constitutionally Prohibited.**

The Sixth Amendment to the Constitution of the United States of America provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial".

As can be seen from the facts set forth, *supra*, the United States has used superseding indictments to cause multiple rescheduling of the trial. A similar tactic can be found in *Klopfer v. North Carolina*, 386 U.S. 213, 214, 87 S.Ct. 988, 18 L.Ed.2d 1. In that case, the Supreme Court condemned the North Carolina *nolle prosequi* procedure:

> Under North Carolina criminal procedure, when the prosecuting attorney of a county, denominated the solicitor, determines that he does not desire to

>proceed further with a prosecution, he may take a nolle prosequi, thereby declaring 'that he will not, at that time, prosecute the suit further. Its effect is to put the defendant without day, that is, he is discharged and permitted to go whithersoever he will, without entering into a recognizance to appear at any other time.' *Wilkinson v. Wilkinson*, 159 N.C. 265, 266—267, 74 S.E. 740, 741, 39 L.R.A.,N.S., 1215 (1912). But the taking of the nolle prosequi does not permanently terminate proceedings on the indictment. On the contrary, 'When a nolle prosequi is entered, the case may be restored to the trial docket when ordered by the judge upon the solicitor's application.' *State v. Klopfer*, 266 N.C. 349, 350, 145 S.E.2d 909, 910 (1966).

North Carolina simplified the *nolle prosequi* procedure described above by creating a *nolle prosequi* with leave, which allowed the prosecution to reinstate the charges without further permission of the Court.

The Court went on to state that that pendency of charges may subject a defendant "to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech associations and participation in unpopular causes." 386 U.S. at 221-222. Thereafter, the Court stated that the procedure "clearly denies the petitioner the right to a speedy trial…" 386 U.S. at 222.

Like the *nolle prosequi and the nolle prosequi* with leave procedures described in *Klopfer*, the use of the superseding indictment technique allows the prosecution to delay without providing a trial. "Its effect is to put the defendant without day". 386 U.S. at 214. The superseding indictment technique is far worse than the procedures described in *Klopfer*. For as the Court noted, Klopfer was "discharged and permitted to go whithersoever he will, without entering into a recognizance to appear at any other time." *Id.* Spencer Pak has remained incarcerated through the delays caused by the United States employing the superseding indictment technique. Moreover, the delay is compounded by the intentional delays in providing discovery.

There is no doubt that whether the United States employed the superseding indictment technique to purposely prevent Defendant Spencer Pak from exercising his Right to a Speedy Trial or whether the United States employed the technique for other purposes, the effect on Defendant Spencer Pak is the same; his Right to a Speedy Trial has been violated.

**B. Using Conventional Speedy Trial Analysis, Defendant's Rights Have Been Violated.**

In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court established four criteria for assessing speedy trial claims: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530. These will be addressed in order.

**Length of Delay**: As noted in the motion, Defendant was arrested on February 16, 2019. He has remained incarcerated without the ability to go to trial since then. His trial is scheduled for February 10, 2020.[1] In *Barker v. Wingo*, supra at 530-531, the Supreme Court noted:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

In this case, if the case is tried on February 10, 2016, and given the history in this case, there is little reason to believe that it will be, Spencer Pak will have spent a year in jail. The *Barker v. Wingo* Court was not unmindful of the importance of incarceration in

---

[1] Obviously, Defendant Spencer Pak would be foolish to believe that shortly before the February 10, 2020 date, the United States will not seek another superseding indictment.

8

assessing Speedy Trial rights: "a defendant confined to jail prior to trial is obviously disadvantaged by delay". Id. at 527. Clearly, the length of delay has been and will be sufficient to spark the inquiry.

**Reason for Delay:** As to the reason for the delay, this generally comes down to who caused the delay and why. As noted in the motion, the United States has repeatedly employed the superseding indictment technique to vacate trial dates and to keep defendant Spencer Pak incarcerated. Additionally, the United States has delayed production of discovery and when the United States produced discovery it was immediately prior to motions. Thus impairing Defendant's ability to proceed on his motions.

In *Doggett v. United States* 505 U.S. 647 (1992), the Supreme Court noted that there were two types of delay, negligent and bad faith. Assuming *arguendo* that the delay is attributable to negligence, the *Doggett* Court stated that

> Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground. While not compelling relief in every case where bad-faith delay would make relief virtually automatic, neither is negligence automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him. It was on this point that the Court of Appeals erred, and, on the facts before us, it was reversible error.

505 U.S. at 656-657

The *Doggett* Court stated that where delay is well beyond the threshold to trigger judicial inquiry, prejudice would be presumed. Id. 657-658. Whether this Court applies bad faith or negligent standards, dismissal is required under the Sixth Amendment.

While defendant believes that the United State's cause of the delay is both clear and sufficient to grant this motion, there are additional factors, which indicate either bad faith or something very close to it. Initially, the timing of the repeated superseding

9

indictments and the repeated production of discovery is more than suspicious. However, the most recent maneuvers by the United States demonstrate its true motive in causing the delay of Defendant Spencer Pak's day in court. Originally, this matter was set for a 2-3-day trial. That case originally involved a small number of alleged nickel and dime cocaine sales over the course of a little over a year. Because that case is now incorporated into the captioned case, the estimated trial period is 3 weeks to a month. The United States insisted on a single trial for approximately 20 defendants. The United States has at least two improper reasons for doing this. The first is to prevent any of the defendants from learning about the strength and weaknesses of the United States contentions, its witnesses and its evidence by viewing the trial of co-defendants. The second is more improper. It is hard to imagine that an average juror can keep track of the individual acts or non-acts of 20 defendants. The United States intends to say to say that all the defendants are associated in some way, and the United States hopes that with all the confusion that 20 defendants will cause, the jury will convict everyone because they are all associated and the keeping track of every individual act is just too tough. From Defendant Spencer Pak's point of view, the vast majority of the evidence that the government will present has nothing to do with him, but it will be virtually impossible for him not to be tainted by that evidence. Every lawyer understands this including the lawyers for the United States.

In *Doggett*, the Court noted:

> The Government concedes, on the other hand, that Doggett would prevail if he could show that the Government had intentionally held back in its prosecution of him to gain some impermissible advantage at trial [brief and transcript cites omitted]. That we cannot doubt. *Barker* stressed that official bad faith in causing delay will be weighed heavily against the government, 407 U.S. at 531, and a bad-faith delay the length of this negligent one would present an overwhelming case for dismissal.

10

505 U.S. at 656.

In this case, the prosecution was "held back" to gain the advantages described above; to cause defendant a more difficult trial and to keep Defendant Spencer Pak behind bars.

Moreover, in the modern Federal system of trial by blackmail, the United States hopes that other defendants will become so frightened that they will say something about Defendant, true or not, that the United States will find helpful enough to reduce their sentences. The United States hopes that the fear this procedure causes will motivate the defendant to take a ridiculously long prison term in order to avoid a more ridiculously long prison term.

**Assertion of rights**. Defendant Spencer Pak has continually asserted his speedy trial rights. Initially, when the United States failed to timely secure an indictment after Spencer Pak's arrest in violation of 18 U.S.C. § 3161 (b), Defendant Spencer Pak filed a motion to dismiss. When this Court initially tried to set a trial date beyond the 70-day requirement of 18 U.S.C. § 3161 (c), defendant objected and the trial was set within that period. Obviously, the notes of the Court and the transcript of all hearings reflect that defendant at every opportunity insisted on his constitutional and statutory speedy trial rights, including but not limited to expressing those rights and objecting to any setting of dates beyond the statutory requirements.

**Actual prejudice:** In *Barker v. Wingo*, the Supreme Court described prejudice in the Speedy Trial context:

> A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests:

11

(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.

407 U.S. at 532.

Starting with the first two issues raised by the Supreme Court; the Court gave the following reasoning which unquestionably applies to Defendant Spencer Pak:

> We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious.

407 U.S. at 532-533.

The indictment in this case alleges that the events charged began in 2010. Some of the specific charges against defendant Spencer Pak are alleged to have occurred in 2015 and 2016. All of the few cocaine sales alleged in the indictment where Defendant Spencer Pak is specifically named are dated 2017 and 2018. Trial will not occur until at least 2020. Undoubtedly, none of the witnesses, including the defendant, will have as strong a memory of the facts as they would have had if the case had proceeded in a timely fashion. The Supreme Court expounded on that fact:

> [T]he inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

The problems related to memory clearly apply, but so does the issue of disappearance of witnesses. With regard to one of the counts of the indictment in which Defendant Spencer Pak is named a key witness has been deported.

### C. Statutory Speedy Trial Rights.

As mentioned, *supra*, defendant has repeatedly asserted his statutory speedy trial rights under 18 U.S.C. § 3161. Defendant reasserts those rights as to the previous indictments and asserts those rights as to this indictment. Particularly, February 10, 2020 is well beyond 70 days from the time the indictment was obtained.

### CONCLUSION

WHEREFORE, Defendant prays this Court order the relief sought herein and/or such other and further relief as it may deem just and proper.

Respectfully Submitted

Spencer Pak
By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA

Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

                                                                     /s/
                                          Alan J. Cilman
                                          Virginia State Bar #13066
                                          Counsel for Defendant
                                          10474 Armstrong Street
                                          Fairfax, VA 22030
                                          Telephone: (703) 261-6226
                                          Facsimile: (703) 268-5182
                                          acilman@aol.com