UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | Case No: 1:19-cr-00057-LO |
| v. ) | |
| ) | |
| **PETER LE, et al.** ) | |
| ) | |
| **Defendant.** ) | |

**Memorandum of Points and Authorities in Support of "Defendant's Motion to Dismiss Count 1, Paragraphs (2) (3) (7) and (12) and Counts 24 and 25 of the Third Superseding Indictment As Said Counts and Paragraphs Violate 21 U. S. C. § 812(b)(1)."**

Defendant Spencer Pak, by and through counsel, Alan J. Cilman, the following memorandum of points and authorities in support of "Defendant's Motion to Dismiss Count 1, Paragraphs (2) (3) (7) and (12) and Counts 24 and 25 of the Third Superseding Indictment As Said Counts and Paragraphs Violate 21 U. S. C. § 812(b)(1)."

**Facts**

Count 1, paragraph 2 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally distribute one hundred kilograms or more of marijuana, a Schedule I, controlled substance". Count 1, paragraph 3 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of tetrahydrocannabinol (THC), a Schedule I, controlled substance". Count 1, paragraph 2 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally manufacture, distribute and possess with the intent to manufacture and distribute 1,000 or more marijuana plants". Count 1, paragraph 12 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally sell drug paraphernalia and to use the mails and other

facilities of interstate commerce to transport drug paraphernalia, that is, devices for use in compounding, converting, concealing, producing, processing, preparing, ingesting, inhaling, or otherwise introducing into the human body unlawful controlled substances, including THC and marijuana and products derived from marijuana".

Count 24 charges that Defendant Spencer Pak "knowing that he was an unlawful user of a (sp.) marijuana, a controlled substance, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, a semiautomatic rifle, said firearm having travelled in interstate and foreign commerce". Count 25 charges that Defendant Spencer Pak "knowing that he was an unlawful user of marijuana, a controlled substance, did unlawfully and knowingly possess, in and affecting commerce, a firearm, that is, a semiautomatic pistol, said firearm having travelled in interstate and foreign commerce".

**Argument**

**1. Both Marijuana and THC Are Illegally or Improperly Classified as Schedule 1 Drugs.**

Neither marijuana nor THC meet the requirements of schedule I and both substances are illegally or improperly classified as such. 21 U. S. C. § 812 lists marijuana and THC as schedule I substances. However, the requirements of for schedule I are set forth in 21 U. S. C. § 812(b)(1), which provides:

> PLACEMENT ON SCHEDULES; FINDINGS REQUIRED
> Except where control is required by United States obligations under an international treaty, convention, or protocol, in effect on October 27, 1970, and except in the case of an immediate precursor a drug or other substance may not be placed in any schedule unless the findings required for such schedule are made with respect to such drug or other substance. The findings required for each of the schedules are as follows:
>
> (1)    SCHEDULE I.—
>
>   (A) The drug or other substance has a high potential for abuse.

    **(B)** The drug or other substance has no currently accepted medical use in treatment in the United States.

    **(C)** There is a lack of accepted safety for use of the drug or other substance under medical supervision.

It is generally accepted and defendant will prove that no one has died from an overdose of either marijuana or THC. Nor, is there evidence that either marijuana or THC is addictive, or that if there is a potential for addiction that it is in the same category as heroin and the other substances described in schedule I.

With regard to accepted medical treatment, according to the National Conference of State Legislatures, 33 states, the District of Columbia, Puerto Rico and Guam have legalized marijuana and tetrahydrocannabinol for medical use.

Since those states, districts and territories are in the United States, the second requirement has not been met. Because marijuana and THC are being provided under medical supervision, the third requirement has not been met.

As noted in the motion 8 states and the District of Columbia have legalized recreational use of marijuana and THC.

Interestingly, the classification of marijuana is so out of date that the statute does not use the term marijuana; rather it uses "marihuana", spelling that was abandoned in the 1960's.

    **2. The Attorney General Has Failed to Comply With the Law.**

21 U. S. C. § 811 entitled "**Authority and Criteria for Classification of Substances**" provides in pertinent part:

    **(a) RULES AND REGULATIONS OF ATTORNEY GENERAL; HEARING**

    The Attorney General shall apply the provisions of this subchapter to the controlled substances listed in the schedules established by section 812 and to any

> other drug or other substance added to such schedules under this subchapter.  Except as provided in subsections (d) and (e), the Attorney General may by rule …
>
> **(2)** remove any drug or other substance from the schedules if he finds that the drug or other substance does not meet the requirements for inclusion in any schedule.

With the proliferation of medical marijuana and THC throughout the United states, the Attorney General has been obligated to reclassify, but he has not done so.

Defendant, as a citizen of the United States is entitled to the benefit of the laws of the United States including 21 U. S. C. § 811 and 21 U. S. C. § 812.  This has been the most basic principle American Jurisprudence.  The basic concept of the Rule of Law was expounded and explained in the legendary case of *Marbury v. Madison*, 5 U.S. 137, 163, 2 L. Ed. 60, 1 Cranch 137 (1803), wherein Justice Marshall address the authority and the responsibility of the Courts and the right of an individual to find redress therein.

> The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws whenever he receives an injury. …

Justice Marshall explains this principle and its enforcement in the Courts by quoting Blackstone, "Commentaries" volume 3, pages 23 and 109:

> "[I]t is a general and indisputable rule that where there is a legal right, there is also a legal remedy by suit or action at law whenever that right is invaded."
>
> "And herein I shall for the present only remark that all possible injuries whatsoever that did not fall within the exclusive cognizance of either the ecclesiastical, military, or maritime tribunals are, for that very reason, within the cognizance of the common law courts of justice, for it is a settled and invariable principle in the laws of England that every right, when withheld, must have a remedy, and every injury its proper redress."
>
> 5 U.S. at 163.

Justice Marshall then applied Blackstone's thoughts into what has become the very underpinning of American jurisprudence:

4

> The Government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of a vested legal right.

(*Id.*)

Unquestionably, Congress codified the requirements for scheduling to ensure that citizens and others would face charges, convictions and/or punishment consistent with regard to controlled drugs consistent with dangers and other considerations said drugs have as said dangers are enumerated in the various schedules.  To allow the executive to ignore the requirements of the law and to prohibit the Defendant the right to establish that the substances with which he is charged do not comport with the scheduling requirements, denies the defendant a remedy for a vested right; renders 21 U. S. C. § 812(b)(1) a meaningless, impotent law; and, violates Due Process of Law.

**Conclusion**

WHEREFORE, Petitioner prays that the Court order the relief sought herein and/or such other and further relief as it may deem just.

Respectfully Submitted,

                                                      Spencer Pak
                                                      By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA and the other attorneys of record on behalf of the United States
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

and, each of the attorneys of record for the co-defendants.

                                                                                              _____/s/_____
                                              Alan J. Cilman
                                              Virginia State Bar #13066
                                              Counsel for Defendant
                                              10474 Armstrong Street
                                              Fairfax, VA 22030
                                              Telephone: (703) 261-6226
                                              Facsimile: (703) 268-5182
                                              acilman@aol.com