UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No: 1:19-cr-00057-LO |
| v. ) | |
| ) | |
| PETER LE, et al. ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS FOR SELECTIVE ENFORCEMENT AND SELECTIVE PROSECUTION COUNT I, SUBPARAGRAPHS (2), (3), (7), (8), AND (12), AND COUNTS 17 AND 18.**

COMES NOW, defendant Spencer Pak, by and through counsel, Alan J. Cilman, and hereby moves this Court to dismiss Count I, subparagraphs (2), (3), (7), (8), and (12), and Counts 17 and 18 of the captioned case. As grounds for this motion, defendant states:

1. Count 1, paragraph 2 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally distribute one hundred kilograms or more of marijuana, a Schedule I, controlled substance" 21 U.S.C. § 841 (a)(1) and (2);

2. Count 1, paragraph 3 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of tetrahydrocannabinol (THC), a Schedule I, controlled substance" 21 U.S.C. § 841 (a)(1) and (2);

3. Count 1, paragraph 7 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally manufacture, distribute and possess with the intent to manufacture and distribute 1,000 or more marijuana plants" 21 U.S.C. § 841 (a)(1) and (2);

4. Count 1, paragraph 8 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally lease, rent, use, and maintain a place for the purpose of distributing and using controlled substances, in violation of 21 U.S.C. § 856;

5. Count 1, paragraph 12 charges that Defendant Spencer Pak conspired "to unlawfully, knowingly and intentionally sell drug paraphernalia and to use the mails and other facilities of interstate commerce to transport drug paraphernalia, that is, devices for use in compounding, converting, concealing, producing, processing, preparing, ingesting, inhaling, or otherwise introducing into the human body unlawful controlled substances, including THC and marijuana and products derived from marijuana" 21 U.S.C. § 863;

6. Count 17 charges that Defendant Spencer Pak "did unlawfully and knowingly use, carry brandish, and discharge a firearm, that is a handgun, during and in relation to a drug trafficking crime, that is the conspiracy to distribute controlled substances … and did aid, abet, and assist in the commission of the offense"18 U.S.C. §§ 2 and 924(c);

7. Count 18 charges that Defendant Spencer Pak "did unlawfully and knowingly use, carry a firearm, that is a semi-automatic pistol, during and in relation to a drug trafficking crime, and knowingly possessed said firearm in furtherance of a drug trafficking crime, that is the conspiracy to distribute controlled substances" 18U.S.C. § 924(c);

8. Presently, thirty-three states, Guam, Puerto Rico, and the District of Columbia allow for distribution of marijuana and THC for medical use; and, in some of those states, distribution is legal for recreational use;

9. The United States is aware of these distributions;

10. Marijuana and THC have been legalized for recreational use in Alaska, California, Colorado, Maine, Massachusetts, Nevada, Oregon, Washington and Washington, D.C.;

11. The United States is aware of these distributions;

12. The United States is aware that in the states that have medical and/or recreational marijuana and THC use, in addition to the individuals and entities the grow, manufacture and distribute those products and the paraphernalia required to use those products, state and local governments share in the revenues obtained from said products and paraphernalia;

13. The United States is aware that in the states and territories where legalized medical and recreational marijuana and THC are sold, the individuals and entities growing, producing and distributing these products work with state, local and territorial government to facilitate this drug trafficking in what would definitely qualify as a conspiracy under Federal law;

14. The United States is aware that in shops, stores, dispensaries and other facilities in which legal and/or recreational marijuana and THC are sold, guards are often employed to carry, use and possess firearms in furtherance of this drug trafficking;

15. The United States is aware that frequently, state and local governments in order to protect their revenues these governments receive as described in paragraph 12, *supra*, provide persons who carry, use and possess firearms in furtherance of this drug trafficking called police;

16. Additionally, the various stores shops, dispensaries and other facilities in the states and territories where legalized medical and recreational marijuana and THC are sold are certainly leased, rented, used, and maintained "for the purpose of distributing and using controlled substances";

17. Moreover, the following companies, which distribute marijuana and THC in the United

States are listed on either the New York Stock Exchange or on NASDAQ:

a. Aurora Cannabis Inc. - market capital: $6.7 billion;
b. Canopy Growth Corp - market cap: $8.2 billion;
c. CannTrust Holdings Inc. - market cap: $962.02 million;
d. Cronos Group Inc. - market cap: $1.3 billion;
e. GW Pharmaceuticals PLC - market cap: $3.8 billion;
f. HEXO Corp. - market cap: $1.5 billion;
g. Innovative Industrial Properties Inc. – market cap: $407.20 million;
h. Pyxus International Inc, - market cap: $257.3 million;
i. Therapix Biosciences Ltd. - market cap: $19.7 million;
j. Tilray Inc. - market cap: $8.5 billion;
k. Zynerba Pharmaceuticals Inc. – market cap: $92.4 million.

18. The United States is aware of these corporation and their activities in violation of this statute;

19. Defendant is being selectively prosecuted because he is not a publicly traded corporation, and/or he is not authorized by a state or territory to distribute marijuana, or in a state that has legalized marijuana and the Administration is afraid to enforce this law in those states and territories;

20. Defendant is informed and believes that the majority of the owners and certainly the executives of the listed corporations are white, while defendant is Korean;

21. The selective enforcement of this statute based on politics and the selective prosecution of the Defendant in this case violates the Constitutional requirement for equal justice;

22. Such other and further grounds as may become apparent upon hearing of this motion.

                                                         Respectfully Submitted,

                                                         Spencer Pak
                                                         By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant

10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA and the other attorneys of record on behalf of the United States
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

and, each of the attorneys of record for the co-defendants.

                                                                               /s/
                                          Alan J. Cilman
                                          Virginia State Bar #13066
                                          Counsel for Defendant
                                          10474 Armstrong Street
                                          Fairfax, VA 22030
                                          Telephone: (703) 261-6226
                                          Facsimile: (703) 268-5182
                                          acilman@aol.com