UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No: 1:19-cr-00057-LO |
| v. | ) |
| | ) |
| PETER LE, et al. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS COUNTS 2 FOR
SELECTIVE ENFORCEMENT AND SELECTIVE PROSECUTION**

COMES NOW Defendant Spencer Pak, by and through counsel, Alan J. Cilman, and respectfully submits the following Memorandum of Points and Authorities in Support of his "*Motion to Dismiss for Selective Enforcement and Selective Prosecution Count 1, Subparagraphs (2), (3), (7), (8) and (12), and Counts 17 and 18*":

**I.   Facts**

The facts are set forth in the motion and in the interest of brevity will be incorporated herein *in haec verba*.

**II.   Argument**

   **A.  Selective Enforcement and Selective Prosecution Violates the Equal Protection Clause of the 14th Amendment**

The 14th Amendment to the Constitution of the United States of America provides *inter alia* that "nor shall any State … deny to any person within its jurisdiction the equal protection of the laws."

In 1886, the Supreme Court of the United States found that selective enforcement of the law and selective prosecution of individuals because of their ethnic background violated the principle of equal justice:

> Though the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution.

*Yick Wo v. Hopkins*, 118 U.S. 356, 373-374, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); See also, *Hunter v. Underwood*, 471 U.S. 222, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985)

The great disparity in treatment between those individuals and entities, who have the Administration's tacit approval to distribute marijuana and the defendant, who is not favored, is the exact issue the Courts in the cases cited in the previous paragraph sought prevent.

**III.  Conclusion.**

WHEREFORE, in consideration of the foregoing, and such other matters as may become evident at a hearing hereon, which hearing is hereby requested, this Court is requested to grant the relief sought herein, and/or order such other and further relief as in the cause is deemed just and proper.

Respectfully Submitted,

Spencer Pak
By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226

Facsimile: (703) 268-5182
acilman@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA and the other attorneys of record on behalf of the United States
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

and, each of the attorneys of record for the co-defendants.

                                                      _____/s/_____
                                                      Alan J. Cilman
                                                      Virginia State Bar #13066
                                                      Counsel for Defendant
                                                      10474 Armstrong Street
                                                      Fairfax, VA 22030
                                                      Telephone: (703) 261-6226
                                                      Facsimile:  (703) 268-5182
                                                      acilman@aol.com