**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) Case No: 1:19-cr-00112-LO |
| v. | ) |
| | ) |
| **SPENCER PAK, et al.** | ) |
| | ) |
| Defendant. | ) |

**Memorandum of Points and Authorities in Support of Motion to Set Bond**

DEFENDANT Spencer Pak submits the following memorandum of points and authorities in support of his motion to set bond:

**Facts**

The facts are set forth in the motion.

**Argument**

    **1. Constitutional Requirements**

The Eighth Amendment of the Constitution of the United States of America provides in pertinent part: "Excessive bail shall not be required".

    **2. The Statute**

18 U.S. Code § 3142(e)(3) provides in pertinent part:

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—

**(A)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

As this Court knows, in every case involving the enumerated crimes, the question is always whether the presumption has been overcome. The statute instructs the Courts to ignore the Constitutional mandates. In other words, the Constitutional bond requirements have been voided by statute.

### a. Constitutional Rights Cannot Be Voided By Statute.

It has long been established that the Constitution is the primary government document. Statutes cannot eliminate Constitutional rights or trump Constitutional requirements.

> So, if a law be in opposition to the Constitution, if both the law and the Constitution apply to a particular case, so that the Court must either decide that case conformably to the law, disregarding the Constitution, or conformably to the Constitution, disregarding the law, the Court must determine which of these conflicting rules governs the case. This is of the very essence of judicial duty.
>
> If, then, the Courts are to regard the Constitution, and the Constitution is superior to any ordinary act of the Legislature, the Constitution, and not such ordinary act, must govern the case to which they both apply.

*Marbury v. Madison*, 5 U.S. 137, 178 (1803)

With regard to bond, in a case in which a person is simply charged with one of the enumerated crimes, Congress has placed its statute above the Constitution and has, in effect, order the judiciary to first follow the statute.

### b. Rebuttable Presumptions Are Not Favored In Criminal Cases

In *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), the appropriateness of rebuttable presumptions in a criminal case. In that case, the jury instructions contained the following:

> The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A

person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted.

471 U.S. at 315.

The Court held that "[t]he challenged sentences are cast in the language of command." 471 U.S. at 316. Interestingly, so too is the language in 18 U.S. Code § 3142(e)(3)(A). The Supreme Court explained the problem:

> The jurors "were not told that they had a choice, or that they might infer that conclusion; they were told only that the law presumed it. It is clear that a reasonable juror could easily have viewed such an instruction as mandatory." Ibid. (emphasis added). The portion of the jury charge challenged in this case directs the jury to presume an essential element of the offense—intent to kill—upon proof of other elements of the offense—the act of slaying another. In this way the instructions "undermine the factfinder's responsibility…"
>
> Id. quoting Ulster County Court v. Allen, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979).

Similarly, in bond hearings generally, the courts frequently do not treat the statutory requirements as an inference, but as a mandate that must be "overcome". The responsibility envisioned in the Constitution that the Court will weigh the evidence and make a determination consistent with the Constitution has been replaced by a presumption.

### c. If There is a Presumption, It Must Be Accurate.

In *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court ruled that presumptions must be accurate.

> [W]e think, that a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.

According to the statute, the Court must presume that because someone is charged with a violation of a statute that has been cited, that person will not appear and that person is a danger. While it is undoubtedly true that a few people will not appear and a few people will commit other offenses, there is no statistical evidence to raise these presumed facts to a level of "more likely than not" as required. 395 U.S.at 36.

In fact, the experience of this Court and others, tends to indicate the exact opposite. As the Court knows, prior to enactment of the statute, bond was given much more freely. During that period, of the people given bond, the number of people, who did not appear for trial was an extremely low, even with those charged with what is now enumerated offenses. Similarly, those who reoffended while on bond was also extremely low. The presumption demanded by the statute does not meet the *Leary* test.

**3. Applying the Factors Enumerated in the Statute.**

Even if the Court rejects the previous arguments, Defendant Spencer Pak believes that he should be provided bond. 18 U.S. Code § 3142(g) sets forth various factors the Court shall consider in "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other persona and the community".

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug

        or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal ,State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

**The Nature and Circumstances of the Offense.**

In this case, the Defendant is charged with conspiracy to do a number of things involving the distribution of marijuana and other recreational drugs. Defendant is also charged with a few counts of distribution of small amounts of cocaine and of having firearms. Given all the people charged and all the different charges, it appears that the conspiracy charge may be held together by duct tape and baling wire. The effort to make this into a single conspiracy seems contrived.

Moreover, the indifference displayed by the various law enforcement agencies involved in the case toward enforcement of the drug laws is glaring. In August 2017, according to the affidavit filed in relation to the original criminal complaint, there was sufficient evidence to charge the defendant with four counts of sale of cocaine. Admittedly these were small amounts of cocaine, but the evidence, according to the affidavit, on each of these sales was complete. The law enforcement agencies chose not to enforce the law. Rather, these agencies chose to encourage further sales in order to

pad their quantity statistics, so these officers could pretend that this was a major criminal enterprise. One of the consequences of this delay and this indifference to the law, is that Spencer Pak is now accused of an offense for which there is a presumption against bond and he can be treated as if he were Pablo Escobar.

**Weight of the Evidence**

The issues concerning the weight of the evidence have been discussed in the previous section.

**The History and Characteristics of the Person,**

**A.**
   1) **His Character,**

Spencer is presently a student. He has no criminal convictions. He is extremely polite.

   2) **Physical and Mental Condition**.

Spencer is in good shape both physically and mentally.

   3) **Family Ties**

Spencer has strong ties to his family. At the time of his arrest, he was living with his mother and helping her with her illness. As pretrial services has noted, his aunt is willing to serve as third party custodian. In other words, Spencer is from close knit Korean family.

   4) **Employment**

Although Spencer is not traditionally employed, he helps his mother with her business, Vision One Credit. His focus was on being a college student.

   5) **Financial Resources.**

Spencer receives financial support from his family.

**6) Length of Residence in the Community.**

Spencer was born in Northern Virginia and has lived here his entire life.

**7) Community Ties.**

Spencer has lived in the community, has friends and family in the community, and goes to school in the community.

**8) Past Conduct.**

As described above, Spencer has been close to his family.

**9) History Relating to Drug or Alcohol Abuse.**

No history of drug or alcohol abuse.

**10) Criminal History**

Although Spencer has had prior criminal charges, they have been dropped.

**11) Record Concerning Appearance at Court Proceedings.**

Spencer has never failed to appear in Court when ordered to do so.

**B. Probation etc.**

Not applicable in this case.

**The Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Person's Release.**

Spencer has not been and is not now a danger to any person or to the community.

**Length of Present Incarceration**

Defendant Spencer Pak has been incarcerated while the government brings and dismisses charges against him without trial. While this conduct is consistent with all the totalitarian governments this Administration admires, it is inconsistent with the Constitution of the Unite States of America.

**Conclusion**

WHEREFORE, Defendant prays this Court order the relief sought herein or such other and further relief as it may deem just and proper.

                                              Respectfully Submitted

                                              Spencer Pak
                                              By Counsel

s/Alan J. Cilman
Alan J. Cilman
VSB #13066
Counsel for Defendant
10474 Armstrong Street
Fairfax, VA 22030
Telephone: (703) 261-6226
Facsimile: (703) 268-5182
acilman@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James Trump, AUSA and the other attorneys of record on behalf of the United States
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314

and, each of the attorneys of record for the co-defendants.

                                              /s/
                                         Alan J. Cilman
                                         Virginia State Bar #13066
                                         Counsel for Defendant
                                         10474 Armstrong Street
                                         Fairfax, VA 22030
                                         Telephone: (703) 261-6226
                                         Facsimile: (703) 268-5182
                                         acilman@aol.com