IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 1:19-cr-57 (LO) |
| | ) |
| SPENCER PAK | ) |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States, through counsel, hereby submits its position on sentencing, currently scheduled for January 12, 2021. As discussed below, we ask that the Court sentence the defendant to a term of imprisonment of 60 months on Count 1 of the Criminal Information, 60 months concurrent on Count 15 of the Third Superseding Indictment, and 60 months consecutive on Count 18 of the Third Superseding Indictment, for a total sentence of 120 months.

**I.    Background**

The defendant, Spencer Pak, was a member of the Reccless Tigers, a violent street gang in Northern Virginia.[1] The Presentence Report describes in detail the gang's history, narcotics trafficking, and acts of violence, as well as the various roles of the defendants in this case (Dkt. 509 at ¶¶ 42-116). The Fourth Superseding Indictment similarly describes the history and structure of the gang and its decade-long pattern of racketeering activity, including numerous acts of violence, narcotics trafficking, money laundering, obstruction of justice, and other offenses (*see United States v. Peter Le et al.*, No. 1:19-cr-57 (LO) at Dkt. 439).

Spencer Pak was born and raised in Northern Virginia. He attended local public schools, graduating from high school in 2014 (Dkt. 509, ¶ 164). He has taken college-level courses at

---

[1] As used here, the Reccless Tigers includes the Reccless Tigers and its affiliated entities of Club Tiger, Tiger Side, Lady Ts, and the Asian Boyz, and those, like the defendant, associated with them.

Northern Virginia Community College.

Spencer Pak's older brother, Richard Pak, was the leader of several gangs in the Centreville area which eventually evolved into the Reccless Tigers. Richard Pak also distributed marijuana and other controlled substances locally. While in middle school, Spencer Pak, along with several friends, obtained marijuana from Richard Pak, which they then distributed. At first, Spencer Pak distributed quarter and half-ounce quantities weekly, but eventually he sold half-pound to pound quantities of marijuana. The marijuana was broken down and packaged in the basement of the Pak residence, where Richard Pak gave Spencer and others marijuana for sale. It was also the preferred location to hang out and smoke marijuana.

Spencer Pak's marijuana sales increased steadily following his graduation from high school. Spencer Pak frequently sold marijuana at "pop-up" events in Washington, D.C., as well as at Airbnb properties rented by gang members.[2] During this time, Spencer Pak also had access to other controlled substances through his older brother, including ecstasy, Xanax, and THC products (edibles and vape pens). Their marijuana and THC products were shipped to Northern Virginia from California. They were getting their cocaine from Kyu Hong, another member of the gang. In about 2015, Spencer Pak was "blessed" rather than "jumped" into the Reccless Tigers, as Richard Pak was one of the leaders of the gang.

The events that led to Spencer Pak's arrest began with the sale of cocaine to a police informant in August 2017. After distributing cocaine to the informant on three occasions, Spencer Pak began selling cocaine to an undercover officer. Between August 30, 2017, and September 25, 2018, Spencer Pak conducted eight cocaine deals with the undercover officer. The total amount of cocaine distributed was 713 grams (Dkt. 509, ¶¶ 91-101). All of the

---

[2] While the District of Columbia's marijuana statute allows for possession of small quantities of marijuana, it is not legal to sell marijuana in the District. *See* D.C. Code § 48-904.01.

cocaine distributed to the undercover officer was obtained by Richard Pak from Kyu Hong.

## II. Sentencing Guidelines

The defendant's offense level for Count 1 of the Criminal Information and Count 15 of the indictment (which are grouped offenses) is a level 26 based on the stipulated drug quantity of 400 to 700 kilograms of converted drug weight. After a three-level reduction for acceptance of responsibility and the defendant's timely plea, the resulting offense level is a level 23. The defendant's guideline range, with a Criminal History of I, would have been 46 to 57 months, but, because of the mandatory minimum sentence for Count 1, his restricted guideline range is 60 months.

We note that the defendant could have received a two-level increase in his offense level under U.S.S.G. §2D1.1(b)(12) for maintaining a premises for the purpose of distributing a controlled substance. The Probation Office applied this enhancement to Richard Pak for using the family residence to receive packages of marijuana and to repackage and distribute marijuana and other controlled substances to others from the residence, and this enhancement could apply to Spencer Pak as well. Given, however, that Richard Pak was the older brother (by six years) and the gang leader, the government is not asking the Court to apply the enhancement to Spencer Pak. Moreover, even if applied, it would not materially alter the defendant's guideline range (*i.e.*, it would be 60 to 71 months rather than 60 months).

The defendant's recommended guideline sentence for Count 18 is the statutory consecutive sentence of 60 months, and no upward departure is warranted. *See* U.S.S.G. § 2K2.4 (b) and Application Note 2(B) to that subsection.

### III. The 18 U.S.C. § 3553 Factors

The defendant faces statutory penalties of no less than 120 months imprisonment. The United States submits that a total sentence of 120 months nevertheless is consistent with the factors articulated in 18 U.S.C. § 3553, which the Court must take into account when imposing its sentence.

#### A. The § 3553(a)(1) Factors

Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and characteristics of the defendant. The Presentence Report fairly describes the offense of conviction, applicable relevant conduct, and the defendant's family background and personal history, including his criminal history.

##### 1. The Nature and Circumstances of the Offense

The Court is familiar with the government's investigation and prosecution of the Reccless Tigers and those associated with the gang. The gang's drug trafficking was extensive, generating millions of dollars in drug proceeds. Members of the gang distributed marijuana, THC products, cocaine, prescription drugs, ecstasy, and LSD, primarily in Northern Virginia but also in Richmond and other locations. The gang sold its products to middle school, high school, and college students, using social media platforms to market its "brand." Guns were a big part of the gang's image, and gang members armed themselves with handguns, shotguns, and assault rifles as reflected in hundreds of videos and photographs posted on their social media accounts. As the gang's drug networks grew, so did its violence. Those who owed the gang money or offended the gang in some way were threatened, beat up, robbed, firebombed, stabbed, and murdered.

Spencer Pak was a gang member who sold substantial quantities of controlled substances

obtained through the gang. He was not shy about his gang affiliation, as he made obvious on his social media accounts. He was present at, and participated in, many of the gang's functions.

### 2. The History and Characteristics of the Defendant

As noted, the defendant was born and raised in Northern Virginia. He graduated from high school and has attended college. His home life and upbringing are set forth in the PSR (Dkt. 509, ¶¶ 147-153). Prior to his arrest in 2019, the defendant used marijuana daily for almost a decade.

### B. The § 3553(a)(2) Factors

Under § 3553(a)(2), the Court must also consider whether a total sentence of 120 months satisfies four additional factors. First, as discussed above, a sentence within this range would certainly reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Second, a sentence within this range would serve to deter others from committing the same or similar offenses. At the local level, offenses tied to gang activity often result in little or no jail time. Without meaningful sentences, criminal organizations such as the Reccless Tigers will continue to flourish.

Third, a sentence of imprisonment within this range will protect the public from any further crimes by this defendant.

Finally, a sentence within this range may provide the defendant with needed educational or vocational training and any medical or psychological treatment. He may be well served by the educational opportunities afforded by BOP.

C. The § 3553(a)(6) Factor

Under 18 U.S.C. § 3553(a)(4) and (5), the Court must consider the kinds of sentence and the sentencing range established for the offense under the sentencing guidelines. Under 18 U.S.C. § 3553(a)(6), the Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The following chart lists the sentences for each of the defendants sentenced previously by the Court:

| **Defendant** | **Sentence** |
|---|---|
| Kevin Aagesen | 188 months |
| Fahad Abdulkadir | 192 months |
| Zu Hun Chang | 42 months |
| Tasneef Chowdhury | 121 months |
| Angel Le | 42 months |
| Tyler Le | 135 months |
| Soung Park | 132 months |
| Abdullah Abdow Sayf | 180 months |
| Brandon Sobotta | 7 months |
| Tyler Sonesamay | 120 months |

Three defendants in this case have pled guilty to having conspired to abduct Brandon White – Abdullah Sayf, Fahad Abdulkadir, and Kevin Aagesen. They received sentences between 180 and 192 months. One defendant, Brandon Sobotta, participated in one drug transaction, and was sentenced to 7 months. One other defendant, Zu Chang, was arrested by

6

Fairfax County police in a separate case for possession with intent to distribute drugs, and he was sentenced to 42 months. Angel Le was the girlfriend of Peter Le, whose primary role was in leasing apartments for Peter Le and collecting and depositing drug proceeds for the gang. She was sentenced to 42 months. The other four defendants, Tasneef Chowdhury, Tyler Le, Soung Park, and Tyler Sonesamay, were sentenced between 120 and 135 months. All four were active gang members and involved in drug trafficking and gang violence. Spencer Pak is comparable to these defendants in that he too was an active gang member, was involved in drug trafficking, possessed numerous firearms, and participated in gang violence.

## IV. Response to the Defendant's Objections

In his sentencing memorandum and written objections to the Presentence Report, defense counsel asks the Court to disregard much of the description of the offense conduct in the report, primarily on the grounds that Spencer Pak had "nothing to do" with what was described.

Spencer Pak was a member of a violent street gang and drug conspiracy. As such, he is responsible for the acts of his fellow gang members and co-conspirators, whether he was directly involved in those acts or even knowledgeable about them. But the fact is, he was involved in much of the conduct of this criminal enterprise and very much aware of what his co-conspirators had done. For example, counsel attempts to downplay Spencer Pak's possession of a firearm, saying that it was simply the result of posing with a firearm and posting it on social media. Spencer Pak possessed numerous firearms, including assault rifles, revolvers, and semi-automatic pistols. He posted dozens of photographs of these firearms on social media together with drugs and large amounts of cash. He sold assault rifles and other firearms to his fellow gang members. He was present when the Reccless Tigers fought with other gangs and shots were exchanged. He told co-conspirators that he needed firearms to protect himself, knowing

7

that drug dealers are frequently the target of robberies. In an incident on March 11, 2015, captured on video, Spencer Pak directed Mateo Marcos Eguez to shoot an individual who owed Pak money for drugs. After confronting the victim at a basketball court, Spencer Pak, Mateo Eguez, and three others chased the individual down an alley-way. Mateo shot at the individual, but, fortunately, missed.[3] Spencer Pak also threatened the bystanders who had witnessed and recorded the incident.

Counsel also claims that Spencer Pak is deserving of a minor role adjustment. Spencer Pak was not a minor participant, *i.e.*, a defendant who is *substantially* less culpable than the average participant in the criminal activity. U.S.S.G. § 3B1.2, Application Note 3. Spencer Pak distributed tens of thousands of dollars of controlled substances. He was a respected member of the gang. He was, at the very least, an average participant, if not more than that. No role adjustment is warranted.[4]

---

[3] Mateo Eguez was arrested by FCPD and pled guilty to felony attempted malicious wounding on September 2, 2015. Criminal No. FE 2015-771. Defense counsel has been given a DVD recording of this incident.

[4] A role adjustment would not affect the defendant's sentence, as he would still have a restricted guideline range of 60 months.

## Conclusion

For these reasons, and for the reasons set forth in the Presentence Report, we ask that the Court sentence the defendant to 60 months imprisonment on Count 1 of the Criminal Information; 60 months imprisonment on Count 15 of the Third Superseding Indictment, to be served concurrently to the sentence imposed on Count 1 of the Criminal Information; and 60 months on Count 18 of the Third Superseding Indictment, to be served consecutively to any other criminal sentence.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
James L. Trump
Carina A. Cuellar
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January, 2020, I filed the foregoing pleading with the Clerk of Court using the Court's electronic filing system, which will serve all counsel of record.

By:       /s/
James L. Trump
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3726
jim.trump@usdoj.gov