IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:19-cr-57 |
| PETER LE | The Honorable Liam O'Grady |
| JOSEPH DUK-HYUN LAMBORN | Motions Date: April 7, 2022 |
| TONY MINH LE | |
| YOUNG YOO | |
| SASCHA AMADEUS CARLISLE | |
| *Defendants*. | |

## MOTION FOR PRETRIAL RULING ON ADMISSIBILITY OF STATEMENTS OF CO-CONSPIRATORS

The United States of America, by Jessica D. Aber, United States Attorney for the Eastern District of Virginia, James L. Trump, Carina A. Cuellar, and Ryan B. Bredemeier, Assistant United States Attorneys respectfully move this Court to make a preliminary ruling that co-conspirator statements are admissible. In support thereof, the government states as follows:

1. At trial in this case, the government will be moving to admit exhibits that contain statements of many of the defendants' co-conspirators. The government will also be eliciting testimony from witnesses that include statements made by the defendants and the defendants' co-conspirators.

2. Co-conspirator statements have a particular evidentiary significance and may be introduced at any point. *United States v. Blevins*, 960 F.2d 1252, 1257 (4th Cir. 1992). As the Supreme Court has explained, "Because they are made while the conspiracy is in progress, such

1

statements provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court...." *United States v. Inadi,* 475 U.S. 387, 395 (1986).

3. Under Rule 801(d)(2)(E) of the Federal Rules of Evidence, a co-conspirator statement is not hearsay, and is admissible against the defendant if it was made "during and in furtherance of the conspiracy." The Fourth Circuit has held that such a statement is admissible if the court finds "(1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy." *Blevins*, 960 F.2d at 1255; *United States v. Squillacote*, 221 F.3d 542, 563 (4th Cir. 2000). Whether a statement is "in furtherance" of the conspiracy is a fact specific inquiry. Generally, statements are in furtherance if they are intended to promote the conspiratorial objectives, explain events important to the conspiracy in order to facilitate its operation, provide reassurance and maintain trust and cohesiveness, inform them of the current status of the conspiracy, identify a coconspirator, induce enlistment or further participation, are part of the information intended to help each conspirator perform his role; statements are not in furtherance if they are narrative declarations, idle chatter, superfluous casual conversations. *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007); *United States v. Roberts*, 14 F.3d 502, 515 (10th Cir.1993); *United States v. Doerr*, 886 F.2d 944, 951 (7th Cir. 1989); *United States v. Gajo*, 290 F.3d 922, 930 (7th Cir. 2002); *United States v. Gupta*, 747 F.3d 111, 124 (2d Cir. 2014).

4. The party seeking to introduce the co-conspirator statement bears the burden of establishing these preliminary facts for admission but need do so only by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). The party seeking introduction must show the existence of the conspiracy and the declarant's role in the conspiracy

2

through independent evidence but may supplement that evidence with the statements of the declarant. *United States v. Afridi*, 241 F. App'x 81, 84 (4th Cir. 2007). In resolving these preliminary facts, the court may consider all evidence before it, whether admissible at trial or not, including the co-conspirator statements sought to be admitted. *Bourjaily*, 483 U.S. at 176-81.

5. The Supreme Court has made clear that under Rule 104(a) of the Federal Rules of Evidence courts can make decisions on preliminary questions of admissibility of evidence, including co-conspirator statements under Rule 801(d)(2)(E). Fed. R. of Evid. 104(a); *Bourjaily*, 483 U.S. at 180-181. In fact, the Fourth Circuit has long rejected the argument that a court must determine the existence of a conspiracy before it admits statements under Rule 801(d)(2)(E). *Blevins*, 960 F.2d at 1256; *accord United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983); *United States v. McCormick*, 565 F.2d 286, 289 n.5 (4th Cir. 1978). A court can conditionally admit co-conspirators' statements subject to the subsequent satisfaction of the requirements for their admission and, in doing so, the court is not even required to set out on the record any reasons for making this evidentiary ruling. *Blevins*, 960 F.2d at 1256. In short, a court need not make explicit findings on the existence of a conspiracy prior to admitting the statements. *United States v. Graham*, 711 F.3d 445, 453 (4th Cir. 2013).

6. If the Court makes a pretrial ruling that co-conspirator statements are admissible, the defendants would not in any way be precluded from challenging the admissibility of co-conspirator statements on other grounds, to include relevance. When a court determines the admissibility of evidence during a hearing outside of the presence of the jury, it does not limit the defendant's right to introduce before the jury relevant evidence concerning the weight or credibility of the evidence the court determined to be admissible. Fed. R. Evid. 104(e).

WHEREFORE, the government respectfully requests this Court make a pretrial ruling that the statements of co-conspirators are admissible evidence in this case, whether in the form of exhibits presented or testimony elicited.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
James L. Trump
Carina A. Cuellar
Ryan B. Bredemeier
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that, on April 2, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

/s/
Ryan B. Bredemeier
Assistant United States Attorney